May it please the court, good morning, your honors. My name is Richard Timor. I represent today the defendant appellant. His name is Emmanuel Ejeki Anyanwu. And with the court's permission, I'd like to reserve about five minutes of my time for rebuttal. You certainly may just watch the clock. You have 15 minutes, and how you dispose of them is entirely up to you. I will watch the clock, your honor. Thank you. Your honors, today I want to talk about aggravated identity theft and the statute under which my client was convicted and given an enhanced sentence of 24 months' imprisonment. And I submit to the court that there was insufficient evidence to convict Mr. Anyanwu of 18 U.S.C. 1028A because the essence of that crime is theft of an identity. And as the Supreme Court has taught us when we are trying to interpret a statute under Alameda's Torres, we start with the words of the statute itself. And the title itself is instructive because it deals with what says it's aggravated identity theft. It deals with identity theft. And so when analyzing the statute, we have to take a look at the words of the statute and read them in the context of identity theft. So the statute reads, whoever during and in relation to any felony enumerated in subsection C, knowingly transfers, possesses, or uses without lawful authority a means of identification of another person shall, in addition to the punishment for such felony, be sentenced to a term of two years. Well, isn't – don't we have here the use of Linda's I.D., her name, her date of birth in the immigration form? Well, Your Honor, certainly there is a use, but I submit to the Court that the use of that name in that context in that way does not subject Mr. Anyawu to the punishment of this crime because there is no impersonation of Ms. Mays by Mr. Anyawu. But the statute doesn't require impersonation and doesn't require depriving the other person of the use of her name. And it mentions uses without lawful authority a means of identification of another person, and means of identification is defined as any information used to identify a specific individual, which happened here. That's correct, Your Honor. But the word uses in this context has to do with the using an identity as – as would – an identity would commonly be used. Let me give you an example to crystallize my point. If I were – one of the enumerated felonies is theft of government property, okay? If I were to pickpocket you, Judge Bea, take your credit card, take your bar card, and take your California driver's license, and I were to use those to jimmy that lock, to get back into chambers and steal a computer, technically, I would have used an instrumentality or, excuse me, used a means of identification, that is, your driver's license, in order to commit an enumerated felony. Yes, you would have pretended you were me. No. I would have used your means of identification to jimmy that lock, like the – like the old movies in the 70s. You would have used a means of identification of Ms. Mays to say that he was married to her. I know, Your Honor, but let me – let me finish my – my analogy. The – I have used a means of identification to commit enumerated felony, but I have not stolen your identity. What I have done technically fits within the words of this statute, but it is not identity theft. However, if I were to call back into chambers and say, I am Judge Bea, this is my California driver's license, this is my Social Security number, there is a guy in courtroom one, he's a Filipino guy, he's wearing a bow tie, give him my laptop, then certainly I would have committed aggravated identity theft because I would have pretended to be you. In both instances – Where in the statute itself do you find text supporting the requirement of actual impersonation? It is not there. It is not there. The words – So why would we not just read it as it stands? Because – because uses in this context has a broad breadth, a broad penumbra. So if Congress wants it to be broad, they can make it broad, right? Certainly, Your Honor. But then what happens is that you do get absurd results, like I just mentioned. I used a credit card or Judge Bea's identification to get back into that room. I've used a means of identification to commit enumerated felony, but it's not aggravated identity theft.  If I were to say – But, counsel, he's using somebody else's identity to change his own identity from a single man to a married man. He's impersonating a married man. I don't – I respectfully disagree with that, Your Honor. He uses – he makes – he certainly makes a false statement about Ms. Mays. That is – And he represents himself as being married. He is not married. That's correct. That is a false statement. However, it is not identity theft. He is not – He uses her identity to perpetrate a lie. And that is a – that's correct. And that is a false statement. But it is not aggravated identity theft in the truest sense of the word. In theory, it could violate more than one statute, his activity. Yes. So the fact that it's a false statement doesn't prevent it from falling within the meaning of identity theft also, not necessarily. Well, as charged in this case, Your Honor, the use of the identity had to do with a representation on December 13th, 2006 about his marital status. So the false statement is his marital status. Right. I guess the only question I'm – you seem to be saying, well, he made a false statement, therefore, he didn't commit identity theft. And I guess my question to you is, isn't it possible that an act could violate more than one criminal statute? Of course. Okay. So it – to say that it's a false statement doesn't really necessarily show that it isn't identity theft. Well, to say it's a false statement doesn't necessarily mean it's not identity theft. That is correct. But in the way that he used the identity in this particular case, that is, the identity of Ms. Mays, he never impersonated her. He never stole her identity. He made a representation using her as a – changing his status. That is, I am married to her. All of the cases that I've been able – now, this is a case of first impression. All of the cases that I have been able to locate involve actual impersonation. The U.S. Supreme Court inflores Figueroa, a Mexican citizen who wanted to get a job, gave an employer a false name, a birth date, a social security number, and an alien registration card. The recent case, the Ninth Circuit case in U.S. v. Herald, this was in March of this year. The defendant wanted to get into a state prison to visit a friend and do some other unsavory things, but they couldn't because they had – they themselves, the actual person, had a – had various felonies and that kind of thing. And what the defendant did is they assumed the identity of another person using their name, their date of birth, their social security number, and ID card in order to get into that state prison. The D.C. Circuit case – You're assuming that the purpose of the statute is to protect persons whose identities are stolen against the effects of impersonation. But the statute can also have a broader reach. There is a great deal of turmoil and anxiousness that's caused to people when their – their situation is misrepresented, as Ms. Mays was here. The representation that she was married to this man caused her all sorts of problems. She had to testify and be brought to court and all that. And this was caused approximately by his taking her identity from being a single woman and saying that she was now Mrs. Anyawu. Why isn't that exactly the target which the statute seeks to protect? Because it's not theft of an identity, because it's not impersonation of an identity. It's certainly use. I think you might want to get on to the other points in the argument. Okay. I think we understand your position on this one. Okay, Your Honor. And then, just so if I may finish, the other cases mentioned in Villanueva Sotelo, which is the D.C. Circuit, it was a Mexican citizen who presented to officers a false permanent resident card and someone else's alien registration number. Again, impersonation. And at 1224 of that opinion, the court noted several cases in the legislative history, including a Mexican citizen who obtained federal benefits by using the name and social security number of his brother-in-law, a woman who used the husband's social security number to obtain disability benefits. And, Your Honor, I see that my time is running short and I'd like to reserve. You may do so, counsel. Thank you. We'll hear from the government. Good morning, Your Honors. My name is Richard Chang, and I represent the government in this instance. The thought of the day really is plain, the word plain. Is there plain error? And what is the plain meaning and reading of the statute that we're talking about? Mr. Chamberlain wants to say that this is not a statute that should be extended beyond people impersonating someone else. That's not what the plain reading of the statute says. As he listed, the only requirement that the government needs to prove is that an identity, someone else's identity, without lawful authority being given to that third person or that second person, used, possessed, or transferred that identity in relation to another crime. And that other crime that we're dealing with here is clearly enumerated within the statute itself, an immigration violation of which this is. This isn't a situation in which a identification card was swapped or a magnetic card was used to gain access into a location. This is a person's name, her date of birth, and the representation that Mr. Yangwu was married to that U.S. citizen to commit a immigration violation to get status in the United States. This is exactly the type of statute that reaches this type of conduct. And, in fact, even you would just indict him for attempting falsely to get into the United States. Well, we could have probably done that. But as Judge Graber indicated, just because a person can be indicted and may be found guilty of multiple types of crimes doesn't require the United States to indict her or him on all those types of crimes. In this instance, in fact, we – our position is that the plain reading of the statute is enough. We know there is no ambiguity as to what type of conduct it reaches. But if this Court wants to look at the legislative history, it's instructive as well. The legislative history on this particular statute, a relatively new one, tells us that Congress was exactly concerned with the type of crime and the type of harm that that crime essentially befalls on victims of identity theft, and has said those charges that are currently out there are simply not enough. It doesn't address the type of harm and the type of financial as well as personal harm that befalls those victims of crime. So what we're going to do, Congress, what Congress is going to do is make it – make the penalties that much harsher, a two-year confinement on top of what the underlying crime – so this is exactly the type of situation we have here. I'll go on to other things, but a plain error standard is one that is incredibly hard of a burden for the – for the defendant to show. It has to – he has to show that his substance rights were actually affected in a negative way. This is not that type of situation. I'll go on to potentially other issues in this case. The more interesting one, I think, is potentially a constructive amendment that they charge. They indicate, as I understand it, that we proved something that was broader than what they were prepared to defend against. Essentially, they're looking at and pointing to the prosecution's statement at opening argument that the entire object of what Mr. Yang, we wanted to accomplish, was come into the United States. They seize upon that very quick, very isolated statement, sandwiched in between, I should say, a clear understanding or, I should say, a clear recitation of what the charges were against Mr. Yang and said, hey, you know, what they're trying to tell you now is that the entire intent and the entire conspiracy was merely to get him into the United States. That's not what we said, and that's not what the jury instructions said. In fact, the jury instructions, which were tracked or, I should say, which corresponded exactly to the charge itself, said we had to prove that the conspiracy, for instance, was one in which the ultimate goal may have been to get him into the United States, but the method of getting him into the United States was to lie, to lie on these immigration forms, to lie that he was, in fact, married to a U.S. citizen when he was not. It was clear. There was no amendment. There was no constructive amendment. And even if there was a little variance, saying that his ultimate overriding, overarching goal was to get into the United States, it was harmless, as we argued. I'll address one subject that I believe this Court may have some interest in, and that's the documents themselves. If the Court doesn't want me to do that, I can sit down at this point. Sotomayor, I don't have any questions. Gershengorn We have no questions, and it's very well. Thank you, Your Honor. Thank you, counsel. Mr. Tomar, you still have a reserve time. I do, Your Honor, but unless the Court has any other questions, I am prepared to submit. No further questions. Thank you very much, Mr. Tomar. The case just argued will be submitted for decision.
judges: O'scannlain, Graber, Bea